# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Randall Loyis Simpson | ) | Civil Action No.: 6:19-cv-02982-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Jeff Johnson, Jackie Mcgee, | ) | |
| Ms. Rebecca, Ms. Ponay, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Randall Loyis Simpson, a pretrial detainee proceeding *pro se*,[1] filed this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1; ECF No. 13.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On January 15, 2020, the Magistrate Judge issued a Report and Recommendation (ECF No. 18) ("Report") recommending that the court dismiss the action with prejudice. (*Id.* at 8.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint (ECF No. 13).

## I.     BACKGROUND

Plaintiff, a pretrial detainee at the Florence County Detention Center ("the Detention Center"), alleges that in January 2019, his rights were violated because his hot meals were replaced

---

[1] "Because he is a *pro se* litigant, [Plaintiff]'s pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for [Plaintiff]; the court is not required to recognize [Plaintiff]'s claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

with bagged food for lunch and dinner. (ECF No. 13 at 24–25.) Plaintiff alleges that Director Johnson's orders have prevented Plaintiff from receiving hot meals. (*Id.* at 6–7.) Plaintiff contends that he is only served peanut butter sandwiches and, as a result, is both malnourished and continually constipated.[2] (*See id.* at 6–7, 26–27, 30–31, 41–42.) Moreover, Plaintiff claims that Defendants Mcgee, Rebecca, and Ponay (collectively "the Kitchen Supervisors") have violated his rights by providing sandwiches with rotten, discolored meat, and "ghetto p[i]mento cheese" sandwiches. (*Id.* at 8, 25–28.) Plaintiff contends that he and some of the other inmates have complained to the Kitchen Supervisors about the food served at the Detention Center multiple times, but that the Kitchen Supervisors have continued to serve the same food. (*Id.* at 37–38.) Plaintiff alleges that the Kitchen Supervisors were ready to serve hot meals again, but Director Johnson decided to continue serving bagged meals. (*Id.* at 35.)

Plaintiff also alleges that the water in his cell is not clean, that he is prevented from using the water fountain, and that one cup of juice provided with his meal is not enough to drink. (*Id.* at 32–34.) Finally, Plaintiff asserts that the lack of nutrition has caused him to suffer injuries including weight loss, constipation, mental and emotional conflict, depression, humiliation, and distress. (*Id.* at 7, 12.) As a result, Plaintiff seeks money damages for relief. (*Id.* at 11.)

On October 21, 2019, Plaintiff filed his Complaint (ECF No. 1). On October 24, 2019, the Magistrate Judge instructed Plaintiff by Order (ECF No. 6) to bring his case into proper form. Plaintiff complied with the court's Order. (ECF No. 18 at 1.) On December 3, 2019, the Magistrate Judge issued a second Order (ECF No. 11) informing Plaintiff that his Complaint was

---

[2] Plaintiff concedes that, occasionally, he is served soy burgers or burritos, but that he is mostly served peanut butter sandwiches. (*Id.* at 26, 30.) Notably, Plaintiff contends that he had previously requested a "no-meat" diet, but now Defendants will not permit him to resume a diet including meat. (*Id.* at 34.)

subject to summary dismissal because it failed to state a claim. However, the Magistrate Judge allowed Plaintiff the opportunity to cure the deficiencies in his original Complaint. (*Id.* at 5–6.) On December 20, 2019, Plaintiff filed an Amended Complaint (ECF No. 13). On January 15, 2020, the Magistrate Judge issued a Report and Recommendation (ECF No. 18) recommending that Plaintiff's Amended Complaint be dismissed for failure to state a claim. (*Id.* at 8.)

## II. LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

In his Report, the Magistrate Judge began by explaining that to the extent Plaintiff may be attempting to assert claims on behalf of others by using the phrase "us inmates," a prisoner cannot file or maintain a lawsuit on behalf of others. (ECF No. 18 at 4 (citing *Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981)).) The Magistrate Judge then determined that Plaintiff's allegations regarding the inadequate food served by Defendants do not amount to a constitutional

3

violation.[3]  (*Id.* at 5–7 (citing *Wright v. Newsome*, Civil Action No.: 2:18-cv-01587-JMC-MGB, 2019 WL 6091065, at *5 (D.S.C. June 25, 2019), *report and recommendation adopted,* Civil Action No.: 2:18-cv-01587-JMC, 2019 WL 3852506 (D.S.C. Aug. 16, 2019)).)  The Magistrate Judge also determined that the same analysis is fatal to Plaintiff's claims regarding the amount of juice and/or water provided to him with meals.  (*Id.* at 6, n.2 (citing *Thompson v. Brown*, Civil Action No.: 3:11-cv-00318-TMC-JRM, 2011 WL 6012592, at *1–2 (D.S.C. Nov. 8, 2011), *report and recommendation adopted,* Civil Action No.: 3:11-cv-00318-TMC, 2011 WL 6012550 (D.S.C. Dec. 2, 2011)).)  The Magistrate Judge also determined that to the extent Plaintiff intended to assert claims against Director Johnson in his supervisory capacity at the Detention Center, the claim is subject to dismissal because vicarious liability is generally inapplicable to § 1983 suits.  (*Id.* at 7–8 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).)

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service.  (*Id.* at 7 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).)  However, neither of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72).  Furthermore, failure to file specific written objections to the Report results in a party's

---

[3] The Magistrate Judge also noted that Plaintiff's allegations that he was served bad or raw meat sandwiches are inconsistent with his allegations that he is being forced to remain on a "no-meat" diet.  (ECF No. 18 at 6.)

waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **DISMISSES WITH PREJUDICE** Plaintiff's Amended Complaint (ECF No. 13).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

November 9, 2021
Columbia, South Carolina